# CHARLESTON.

## CHAPMAN *v*. COUNTY COURT OF WAYNE COUNTY.

Submitted January 18, 1886.—Decided February 13, 1886.

1. No suit can be maintained against the county court of any county for the recovery of any sum of money due from such county founded on contract except an order on the county treasury, until such claim or demand has been presented to and disallowed in whole or part by such county court, or until an itemized ac-

count or statement thereof has been filed with the clerk of such court, and the court has neglected or refused to act thereon to the close of the second session of such court, next after it was so filed with such clerk, or to the close of the first session thereof, next after it was so presented to such court.    (p. 501.)

2. If such a suit be brought against the county court of any county for the recovery of any such claim or demand, the declaration must substantially aver, that the same had been so presented to and disallowed in whole or in part by such court, or that such itemized account or statement thereof had been so filed with the clerk of such court, and that said court had so neglected or refused to act thereon ; and unless such averments substantially appear upon the face of the declaration, it will for that cause be demurrable.    (p. 501.)

3. In such a suit against the county court of Wayne county it was held upon demurrer, that the declaration contained substantially these averments.    (p. 502.)

*Simms & Enslow* for plaintiff in error.

No appearance for defendant in error.

WOODS, JUDGE :

This was an action of *assumpsit* brought in the circuit court of Wayne county by William F. Chapman against the county court of Wayne county to recover the contract price for the making of a public road.

Besides the common counts the declaration contained the following special count:

" And for this, that heretofore, to-wit, on August 10, 1880, the said defendant, by its commissioner, G. F. Ratliff, entered into a contract with this plaintiff for the building of a certain piece of road in said county by the plaintiff over what is known as the Blankinship Hill, for which work to be done according to the plans and specifications made known at the time of letting said contract to plaintiff by its said commissioner, said defendant agreed and promised said plaintiff to pay him the sum of $600.00 for said work.    The plaintiff proceeded, continued and completed the building of said road according to plans and specifications aforesaid; that at the time of the completion of said road, the plaintiff notified the defendant that the work under such contract was completed, and asked that the same be examined and reported to the

63

defendants; that the defendants, nor its commissioner for them, examined said work nor made a report upon the same when requested to do so by this plaintiff; that afterwards the defendant appointed a new commissioner, who, after frequent solicitations by this plaintiff, made an examination of said work, and upon his said report, the defendants paid to this plaintiff upon said contract the sum of $200.00, and refused to discharge the balance of their said debt to this plaintiff and ordered that certain changes be made in said road; said changes were not a part nor parcel of the contract with said defendants; that this plaintiff did make all and every of such changes ordered to be made by said defendant at a great and additional outlay of money and time; that when such additional work was completed, as ordered by defendant, this plaintiff requested said defendants to receive said work and pay him therefor. Said defendants did, on November 10, 1881, pay to said plaintiff upon said contract the further sum of $200.00, but failed and refused to pay the balance, to-wit, the sum of $200.00 due him upon said contract; that this plaintiff has at divers times sought and requested the payment of said debt due from defendant on said contract; that the defendant refuses and wholly fails to pay the same; and in consideration thereof, then and there promised to pay to him (to said plaintiff) the several moneys aforesaid upon demand, yet said defendant has never paid any of said moneys but wholly neglect so to do, to the damage of the plaintiff in the sum of $10,000.00. And therefore he sues," &c.

The defendant entered a demurrer to the declaration and to each count thereof, which was overruled, and then pleaded *non-assumpsit* and payment, with specification of sets-off, on which issues were joined which were afterwards tried by a jury, who found a verdict in favor of the plaintiff for $220.00 damages, which the defendant moved to set aside. This motion the court also overruled, and entered judgment in favor of the plaintiff for the amount of the verdict and the costs.

The cause has been brought to this Court upon a writ of error, by the defendant in the court below.

The only error assingned is that the circuit court improperly overruled the demurrer to the plaintiffs declara-

tion.   The grounds relied on to sustain the demurrer, are that the declaration does not in any of its counts aver that the plaintiff's claim or demand had been presented to said county court before he brought his action and that the same had been disallowed in whole or in part by it, as provided in sec. 41 of ch. 5 of the Acts of 1881, and that it does not aver · that the plaintiff's claim or demand had been filed with the clerk of that court as provided in sec. 40 and 41 of said chapter.   Many authorities have been cited in support of these propositions, nearly all of which have been rendered upon the construction of statutes very similar, and in some cases, identical with secs. 40 and 41 of ch. 5, above cited.   In all the authorities cited the courts announce their conclusions almost in the words of the statute under consideration, being unable to find any language more exact or comprehensive than the terms used in the statutes.   While all concur in the opinion that under the several statutes of their respective States, no action can be brought against a county, for any claim or demand, until the same has first been presented to the proper authorities for payments, and this presentation is a condition precedent, to the bringing of the suit, and in most of the cases it has been held, that this fact must appear upon the · face of the complaint or declaration, yet in none of the cases cited, save one, did the court decide, what in any given case was a sufficient allegation of such presentment for payment.   In the case of *Gillett* v. *Commissioners*, of Tyon county, 18 Kans. 410, in the bill of particulars which seems to have supplied the place of a declaration, after describing in general terms the character of the claim, the plaintiff averred that on a certain day, "the county board being in regular session, he presented his claim for services properly sworn to, and the same was properly filed, but the board took no action in reference to the claim." The bill of particulars was demurred to on the grounds that it did not sufficiently set out the cause of action in not averring the presentation of the claim before suit brought; but the supreme court of Kansas held the demurrer must be overruled, as the presentation was sufficiently averred; and further, that it was not necessary

that the bill of particulars should have stated that the several claims of the plaintiff had all been presented to the county board for allowance and had been acted upon by them. "Such presentation of a claim constitutes no part of the plaintiffs cause of action. It is merely a part of the mode of procedure to enforce the cause of action already existing."

But the case under consideration must be determined by the provisions of our own statutes. The county court of any county is declared to be a "Corporation by the name of 'The County Court of ——— County,' by which name it may sue and be sued, plead and be impleaded, contract and be contracted with." Sec. 1, ch. 5, Acts of 1881. But in order that the people may not be put to unnecessary costs, by persons having rightful claims upon the county, which it is liable for, and may be compelled to pay, the fortieth section of that chapter provides, that persons having claims and demands against the county shall file with the clerk of the county court an itemized statement of their accounts, and it is made the duty of such clerk to present such account to such court at its first meeting thereafter, which shall allow the whole, or such part thereof as they may deem just, or may disallow the whole; and in the forty-first section of the same chapter it is further provided that: "No suits shall be brought against a county court for any demand for a specified sum of money founded on contract, except an order on the county treasury, until such demand has been presented to such court, and has been disallowed by them, in whole or in part. But if the court neglect or refuse to act on such demand by the close of the first session after that at which it is so presented, or of the second session after it is filed with the clerk pursuant to the preceding section for presentation, it shall be deemed to have been presented and disallowed."

Two methods are here prescribed whereby a party having a just demand against the county may present it to the county court. First, he may file an itemized account or statement of his claim with the clerk of the court, and quietly await the result. In that case it is made the duty of the clerk to present such account or statement to the county court at its first meeting thereafter, and it is the duty of the court to allow so much thereof as they may deem just, or to

disallow the whole; or he may in the first instance present his claim or demand to the county court itself, which, of course, can only be done when it is in session, when it at once becomes the duty of such court to consider the matter, and to allow so much thereof as they deem just, or disallow the whole. This is all the statute requires the claimant to do to entitle him to enforce payment of his demand by suit. The possibility that a claimant having a just demand against a county, when filed with the clerk or presented to the county court, should be expected or required to take any other steps to influence or induce such court to act promptly or to deal justly, never entered the legislative mind; but, in order that such court might have reasonable time in which to consider what ought to be allowed upon claims filed with its clerk, it may defer action thereon until the end of its second session after the same was filed. But when the claim in the first instance has been presented to the court it must act upon it at its first term afterwards, or the claimant's right to sue is perfect; and so it is also when the claim has been filed in the clerk's office, if it be not acted on at the second session of such court thereafter held. No formality in the manner in which the claim shall be presented to the court is required. The greater number of such claims will necessarily be in small amounts, and due to persons wholly unaccustomed to the formalities of legal proceedings. The whole purpose and intent of sections 40 and 41 are accomplished when the itemized account has been filed with the clerk, or presented to the court. During the time the court may rightfully defer its action upon the claims so presented, the claimants right to sue, is also deferred, but not a moment longer. It is clear to us that under our statute the presentation of the claim, is a condition precedent to the claimants right to sue; and that when he sues, his declaration ought to show, that he has complied with this provision of the statute and unless it so appears, it is demurrable. Does the declaration in this case show upon its face, that the claim of the plaintiff had been so presented to the county court of Wayne county ? If it does, it is wholly immaterial whether it shows that the court disallowed the claim or not. He was only required to present his claim to the court,

having done so, it was the duty of the court to act upon it. The declaration avers that the amount of his claim, was due to him for certain work done for the defendant upon a contract, for a specified price ; that the work was completed in all respects according to the terms of his contract ; that after some delay, the defendant appointed a commissioner to examine the work, who having done so, reported the result of his examination, to the defendant, which then paid the plaintiff upon said contract $200.00, and *refused* to pay the balance of their debt due the plaintiff, and ordered other and additional work to be done, by the plaintiff, which he performed, and he again requested payment; that the defendant on November 10, 1881, paid the plaintiff upon his contract the further sum of $200.00—but *refused to pay* to the plaintiff the balance of $200.00—still due him. As the demurrer admits all these allegations to be true, it seems perfectly clear to us, that when the plaintiff had completed the work, and the defendant had paid him the first $200.00— upon his contract, and *refused to pay any more*, that the declaration shows in most unmistakable manner, that his claim or demand had been *presented to the defendant*, while it was in session ; and especially so, when taken in connection with the additional averments, that having performed the additional work imposed on him and the defendant afterwards on November 10, 1881, paid him the further sum of $200.00 upon said contract, and *refused* to pay the remaining $200.00 due to him upon said contract. How can it be true that the defendant on two different occasions paid the plaintiff $200.00, and at each time *refused to pay the balance* due the plaintiff upon his contract, unless it be also true, that on each occasion the claim or demand of the plaintiff had at, or before that time been presented to. the defendant. We are therefore of opinion that upon the face of the plaintiffs declaration it does sufficiently appear, that the plaintiffs demand for the specified sum of money due to him upon his contract had been presented to the defendant and had been by it, in part disallowed, and that the plaintiffs declaration was sufficient and that the demurrer thereto was properly overruled. It is not pretended that any other error was committed by the court on the trial of this cause. It is

therefore considered by this Court, that the judgment of the circuit court of Wayne county, rendered in this cause on the 13th day of September, 1883, be, and the same is hereby affirmed, and that the defendant in error, recover against the plaintiff in error, his costs by him about his defence in this Court, in that behalf expended, and damages according to law.

AFFIRMED.