# CHARLESTON.

## CHANCEY v. COUNTY COURT.

Submitted January 9, 1902.    Decided March 22, 1902.

1. COUNTY COURT—*Damages—Suits For.*
     An action in case for damages for injury to persons or prop-
     erty against a county court under section 53, chapter 43, Code,
     may be maintained without first presenting a claim or demand
     therefor to the county court, under section 40, chapter 39, Code.
     (p. 253).

2. FORMER DECISIONS APPROVED.
     Syl. pt. 2, *Shrewsbury* v. *Miller*, 10 W. Va. 115, and Syl. pts.
     2 and 3 in *Ruffners* v. *Hill*, 31 W. Va. 428, approved. (p. 254).

Error to Circuit Court, Roane County.

Action by Theodosia Chancey and G. H. Chancey against the
county court of Roane County. Verdict for defendant was set
aside, and it brings error.

                                         *Affirmed.*

VANDALE & STARKEY, for plaintiff in error.

W. H. BISHOP, for defendants in error.

MCWHORTER, JUDGE:

Theodosia Chancey and G. H. Chancey, her husband, brought
their action of trespass on the case in the circuit court of Roane
County against the county court of said county for damages
for a personal injury sustained by said Theodosia by being
thrown from her horse in crossing a culvert or small bridge on
the public road, the same being so out of repair as to cause her
horse to break through whereby she received severe personal
injuries. The defendant demurred to the declaration, which de-
murrer was overruled and the defendant excepted. The de-
fendant entered the general plea of "not guilty" and filed a
special plea averring that the plaintiff's injury set out in the
declaration was the immediate result of her own negligence. A
jury was impaneled which after hearing the evidence returned
a verdict for the defendant, when plaintiffs moved the court to
set aside the verdict because contrary to the law and the evi-
dence and grant the plaintiffs a new trial, which motion was

sustained and a new trial granted.   The defendant obtained a writ of error.

The demurrer was based upon the ground that the action could not be maintained against the county court for the recovery of any sum of money due from such county court upon any claim or demand except it be an order on the county treasury, until such claim or demand had been presented to and disallowed, in whole or in part, by the court, or until an itemized account or statement thereof had been filed with the clerk of such court and the court had refused or neglected to act thereon to the close of the second session next after it was so filed with the clerk, or to the close of the first session thereof next after it was presented to the county court, and in support of this contention counsel for defendant cite *Chapman* v. *County Court,* 27 W. Va. 496.   It is there held that "No suit can be maintained against the county court of any county for the recovery of any sum of money due from such county founded on contract, except an order on the county treasury, until such claim or demand had been presented to and disallowed in whole or in part by such county court," etc., as provided in section 41, chapter 39, Code. And it is insisted by plaintiff in error that unless such averments of presentation and disallowance of such claim substantially appear on the face of the declaration it is for that cause demurrable and the declaration in this case, not containing such averments, is bad on demurrer and that the court erred in not sustaining the same.   This action is brought under section 53, chapter 43 of the Code which provides: "Any person who sustains an injury to his person or property by reason of a public road or bridge in a county   * * *   being out of repair, may recover all damages sustained by him by reason of such injury in an action on the case in any court of competent jurisdiction against the county court."   This is an independent provision and it is not contemplated that a claim for unliquidated damages for a tort should be presented to the county court for allowance.   In *Chick* v. *Newberry and Union Counties,* 27 S. C. 419, it was held, that a claim for damages caused by the sinking of a county ferry-boat was not such a claim as should first be presented to the county commissioners and then into court by means of appeal, as an action for damages for alleged negligence on the part of the county commissioners should not be left for them to be judges in their own case.   *Hollingsworth* v. *Saunders*

*County,* 36 Neb. 141; *Dement* v. *DeKalb County,* 97 Ga. 733.

The same section, No. 53, provides for the collection of a judgment obtained in any such action. No other cause of demurrer to said declaration being suggested and the same appearing to be sufficient, hence, the demurrer was properly overruled.

The only other exception taken was to the ruling of the court in setting aside the verdict and granting a new trial. The evidence is all certified and a careful inspection of the same shows some conflict therein. The authorities show that appellate courts will not reverse the ruling of the trial court in setting aside a verdict even where the evidence is conflicting unless upon the examination of the whole evidence it find a clear preponderance of evidence in supprt of the verdict. "Generally a stronger case should be made to justify an appellate court in the disturbance of an order granting a new trial than when one has been refused." *Miller* v. *Ins. Co.,* 12 W. Va. 117, in which case, Syl. pt. 4, it is held: "The court below may grant a new trial where the evidence is contradictory, and the verdict is against the weight of evidence; but in such case the power of the court to grant a new trial should be very cautiously exercised. And when in such case the court below grants a new trial, the opinion of the court below is entitled to peculiar respect; and generally the Appellate Court will not reverse the order of the court in such case granting a new trial." *Ruffners* v. *Hill,* 31 W. Va. 428; *Grogan* v. *Railway Co.,* 39 W. Va. 415, (19 S. E. 563); *Robertson* v. *Harmon,* 47 W. Va. 500; *Miller* v. *White,* 46 W. Va. 67; *Laidley* v. *County Court,* 44 W. Va. 566; *Yeager* v. *Bluefield,* 40 W. Va. 484, (21 S. E. 752). In *Shrewsbury* v. *Miller,* 10 W. Va. 115, (Syl. pt. 2), it is held: "An appellate court will not reverse the judgment of an inferior court unless error affirmatively appear upon the face of the record, and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment." The authorities all agree that the opinion of the trial court, in setting aside a verdict and granting a new trial because the verdict is contrary to the evidence, is entitled to peculiar weight and respect. In *Ruffners* v. *Hill,* cited, it is held, (Syl. pt. 3): "The trial court may, in the exercise of a sound discretion, set aside the verdict of a jury and award a new trial in a case where the evidence is contradictory; but this discretion in such case should always be exercised with great caution and a new trial granted only where the

verdict is against the weight of evidence." As the case must be retried in the circuit court it is needless here to discuss the evidence, an examination of it, however, makes it apparent that the court did not abuse its discretion in setting aside the verdict. The judgment is affirmed.

*Affirmed.*