# CHARLESTON.

H. B. BARBOR v. COUNTY COURT OF MERCER COUNTY.

Submitted January 14, 1920.    Decided January 20, 1920.

1. COUNTIES—*Prerequisites to Suit Against County Court on Claim for Specified Sum.*

   No suit may be instituted or maintained against a county court upon any claim for a specified sum of money founded on contract, except an order on the county treasury, until an itemized account or statement of such claim has been presented to such court, or filed with the clerk thereof for presentation, and the court has disallowed such claim in whole or in part, or has neglected or refused to act thereon by the close of the first session after that at which it was so presented, or by the close of the second session after it was filed with the clerk for presentation.   (p. 360).

2. SAME—*Allegations of Conditions Precedent in Declaration in Suit Against County Court.*

   If suit is brought against a county court for the recovery of any such claim, the declaration must substantially aver that the same has been so presented and disallowed in whole or in part, or that the court has neglected or refused to act thereon. Unless such averments substantially appear upon the face of the declaration, it will be for that cause demurrable.   (p. 361).

3. SAME—*Powers of County Court—Mode of Action.*

   The county court is a corporation created by statute, and possessed only of such powers as are expressly conferred by the Constitution and legislature, together with such as are reasonably and necessarily implied in the full and proper exercise of the powers so expressly given.   It can do only such things as are authorized by law, and in the mode prescribed.   (p. 361).

4. OFFICERS—*Discretion to Remove Appointee for Indefinite Term Cannot be Contracted Away.*

   Where a statute conferring the power to appoint fixes no definite term of office, but provides that the tenure shall be at the pleasure of the appointing body, the implied power to remove such appointee may be exercised at its discretion, and cannot be contracted away so as to bind the appointing body to retain him in such position for a definite, fixed period.   (p. 361).

5. PAUPERS—*Manager County Poor Farm May be Dismissed and His Contract Annulled Without Liability.*

   Though a county court employs a manager of the county poor

farm for a definite term, it may without liability annul the contract and dismiss him at any time before the expiration of such term; the contract being subject to the provision of section 23, chapter 46, Code 1918, that any officer or other person appointed or employed by such court under that chapter shall hold his office or employment at its pleasure.   (p. 361).

Certified Question from Circuit Court, Mercer County.

Action by H. B. Barbor against the County Court of Mercer County.   Demurrer to declaration·overruled, and question as to sufficiency of contract alleged certified.

> Reversed.   Demurrer sustained.

*John M. McGrath* and *John R. Pendleton*, for plaintiff.
*H. B. Lee* and *J. H. Gadd*, for defendant.

LYNCH, JUDGE:

The main question presented upon this certificate relates to the sufficiency of the contract set forth in the declaration, demurrer to which was overruled, to constitute a binding obligation upon the defendant county court of Mercer County. According to the averments of the declaration, plaintiff was employed to act in the capacity of manager of the farm recently purchased by the county court for the care of the poor of the county, for the full term of three years, beginning on the 1st day of October, 1918, and ending on the 1st day of October, 1921, at an annual salary of $900, payable in twelve equal monthly installments.   And plaintiff, relying upon the promise and undertaking of the said defendant, entered upon and performed the duties incident to such employment, and continued to perform such duties until the 1st day of March, 1919, when defendant "refused to suffer or permit the said plaintiff to continue in its said service and employment, and then and there discharged him;" whereby plaintiff has lost and been deprived of all the wages, profits and advantages for himself and his family which he otherwise would have received from a continuance of the service and employment.

The first ground assigned in support of the demurrer is the failure of the declaration to aver that, before the institution of this suit, plaintiff had presented to the county court of Mercer County, or had filed with the clerk of such court for presentation, an itemized account or statement of his claim, and that the

court had disallowed such claim in whole or in part, or had neglected or refused to act thereon by the close of the first session after that at which it was so presented, or by the close of the second session after it was filed with the clerk for presentation to them.  Such is the procedure prescribed by statute (sections 40 and 41, ch. 39, Code 1918) as a condition precedent to the claimant's right to sue, where his demand is for a specified sum of money founded on contract, except an order on the county treasury.  For prudential reasons the legislature deemed it necessary to require this method for the disposition of claims properly chargeable to county courts.  The evident purpose was to prevent the waste of public funds under their control in the payment of costs in unnecessary and useless litigation.  This it sought to effect by prescribing the condition found in the statute, and made compliance with that condition a prerequisite to the right to sue to enforce payment of the claim.  As to this requirement the statute made but one exception, thereby indicating a legislative intent to preclude all others.  Hence, if suit is brought against a county court for the recovery of any claim or demand founded upon contract, the declaration must substantially aver that the same has been so presented and disallowed in whole or in part, or that the court has neglected or refused to act thereon.  Unless such averments substantially appear upon the face of the declaration, it will be for that cause demurrable. *Chapman* v. *County Court,* 27 W. Va. 496; *Yates* v. *County Court,* 47 W. Va. 376.  This requirement of the statute must in all cases be complied with, except where the claim falls within its exception, or where the demand is one not founded upon contract. *Chancey* v. *County Court,* 51 W. Va. 252.

The second and more important ground urged in support of the demurrer questions the validity of the contract set forth in the declaration as being beyond the authority and power of the county court to make, in view of section 23, ch. 46, Code 1918, which provides:  "Every officer or other person appointed or employed by the county court under the provisions of this chapter, shall hold his office or appointment at its pleasure, and receive for his services such compensation as it may deem reasonable."

Plaintiff was appointed pursuant to the authority conferred

by section 4 of that chapter, which empowered the county court to employ a manager to take care of the poor, and hence he falls within the express provisions of section 23. The legislative policy evidenced by the enactment of the latter section and clearly deducible from its terms was that the county court should be in a position to exercise constant supervision and control over its appointees, with a view to effective and efficient service. For that reason the legislature provided that the tenure of office of those appointed or employed under the provisions of chapter 46 should be at the pleasure of the court. It did not desire or contemplate the tying of the hands of the court by a contract entered into possibly before one or more of its members were elected, but meant that the court should at all times be free and unfettered in its supervisory control over such eleemosynary institutions. To adopt plaintiff's contention that the county court, by entering into a contract of employment for a term of three years, has exercised its pleasure in the premises, is to bestow upon such governmental bodies power to extend through contracts the period of their control long beyond the terms for which they were elected, and thus to deprive their regularly elected successors of the important right to exercise some of the functions normally incident to the office. Such was not the legislative intent as we construe the statute.

Nor does section 1, ch. 39, Code, operate to validate a contract such as this. It merely makes the county court of every county a corporation, and in general terms empowers it to contract and be contracted with. Its specific authority, however, is only such as the Constitution and legislature of the state have seen fit to bestow upon it. "The county court is a corporation created by statute, and can only do such things as are authorized by law, and in the mode prescribed." *Goshorn's Ex'rs* v. *County Court,* 42 W. Va. 735, pt. 5, Syl. It has only such powers as are expressly conferred by the legislature, and such as are necessarily implied in the full and proper exercise of those powers expressly given. *Keatley* v. *County Court,* 70 W. Va. 267, 275. The Constitution and Code of this state (section 24, Art. 8, Const.; section 9, ch. 39, Code), after an enumeration of certain powers not important here, provide: "They (county courts) shall also, under such regulations as

now are or may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties * * * ."   Thus, with respect to the internal police affairs, such as the supervision and care of the poor of the county, the powers of the county courts are not inherent, but are limited and restricted by regulations prescribed by law, of which section 23, ch. 46, Code, is an example.   Because of that restrictive statute the county court of Mercer County exceeded its authority in making the contract set forth in the declaration, thereby voiding it.

The case of *Helmick* v. *County Court,* 65 W. Va. 231, which holds that a county court cannot remove from office a road surveyor appointed by it under section 1392, Code 1906, is clearly distinguishable from the case now before us.   In the former the appointment was made under a statutory provision designating two years as the term of office, thereby constituting a road surveyor a public officer holding for a fixed term.   Here the statute authorizing the appointment expressly provides that the tenure of office shall be at the pleasure of the county court— a distinguishing feature recognized by the court in the Helmick case as material.   Where a statute conferring the power to appoint fixes no definite term of office, but provides that the tenure shall be at the pleasure of the appointing body, the power to remove such appointee is discretionary (*Town of Davis* v. *Filler,* 47 W. Va. 413; see also *Hartigan* v. *Board of Regents,* 49 W. Va. 14), and cannot be contracted away so as to bind the appointing body to retain him in such position for a definite, fixed period. *Darrah* v. *Wheeling Ice & Storage Co.,* 50 W. Va. 417; *Long* v. *United Savings & Annuity Co.,* 76 W. Va. 31.

No question is raised respecting the right of plaintiff to receive the salary specified in the contract for the months during which he served as manager of the poor farm, and we express no opinion as to that.

The court below erred in overruling the demurrer to the declaration, and, therefore, we reverse the ruling, and recertify the case.

*Reversed.   Demurrer sustained.*