County Court of Fayette County *v.* Mary Roach

(No. 7167)

Submitted March 29, 1932.   Decided April 12, 1932.

*T. A. Myles* and *H. E. Dillon, Jr.*, for plaintiff in error.
*Lilly, Lilly & Warwick,* for defendant in error.

Lively, Judge:

The county court sued defendant for the possession of about thirty acres of land, its county "poor farm", or infirmary and the houses thereon; defendant defended her possession under a written contract entered into by and between her and the county court, dated November 7, 1930, extending over a period of two years from December 1, 1930, to June 30, 1932.   A special judge in lieu of a jury sustained the contract and dismissed the county court's action, and it prosecutes error.

The contract, executed November 7, 1930, on which defendant relied, is termed a lease by which she was to have possession of the county infirmary or "poor farm" from December 1, 1930, to June 30, 1932, at a rental of $20.00 per month, the county court agreeing to pay her seventy-five cents per day for each person kept at the infirmary, and provide all fuel, lights and bedding used in connection with

the keeping of the poor sent to the infirmary. On February 9, 1931, the county court entered an order reciting that it had theretofore entered an order relieving plaintiff as superintendent or overseer of the county infirmary to become effective April 1, 1931, and appointed F. H. Shumate as such superintendent, or overseer, effective from April 1, 1931, he to pay $20.00 per month rent, and the county court to pay him seventy-five cents per day for each inmate. On March 3, 1931, another order was entered reciting Shumate's appointment and the necessity for him to have possession; that defendant had objected to giving possession, and therefore that she be given notice to give possession April 1st. A copy of this order was served on her March 13, 1931. She refused to give possession and another order was entered April 8, 1931, reciting former orders and cancelling all contracts theretofore made with defendant relative to the poor farm.

It appears that the political complexion of the county court changed on January 1, 1931, and the removal of defendant was dictated largely by political expediency. She was a republican, and the majority members of the county court were democrats after January 1, 1931.

The constitution gives to county courts superintendence and administration of the internal police and fiscal affairs of the county under such regulations as may be prescribed by law. Chapter 9, Code 1931, is the regulations prescribed for dealing with the poor. The county courts derive their powers in that regard from that chapter, and must conform thereto. They have the power to purchase lands for the use of the poor and sell and convey lands heretofore acquired for that purpose; and to establish a county infirmary. Sec. 2, article 1. They may appoint a superintendent of the county infirmary, who shall at all times be under the control of the county court, and who shall receive persons sent to the infirmary by the county court or overseer of the poor; and shall keep certain records. Sec. 3, Article 1. Every officer or other person appointed or employed by the county court shall hold his office or employment at the pleasure of the county court. Sec. 5, article 1.

The contract here involved must be read in connection with these sections governing the county courts in providing for the poor. Construed in the light of these sections, defendant could be no more than a superintendent or manager of the county infirmary, appointed or employed by the county court. Her appointment or employment as such could be for a definite term, but at all times impressed with the statutory power of the county court to discharge her at "its pleasure". Under this statute, the county court is not restricted to discharge for cause. Its reasons may or may not be good. Of that, it is the judge. The general power of the county court to contract and be contracted with, is governed and restricted by this chapter of the Code, when it is dealing with the welfare of the poor.

The provision in said section 5 of article 1 of chapter 9, that any person appointed or employed may be removed at the pleasure of the county court must be read into the contract as a part of it, and defendant must be deemed to have accepted her contract knowing that she held her tenure at the pleasure of the county court. This case is controlled by *Barbor* v. *County Court*, 85 W. Va. 359, 101 S. E. 721, wherein the opinion, on page 362, says that the legislative policy is that the county court should be in a position to exercise constant supervision and control over its appointees with a view to effective and efficient service; and, "To adopt plaintiff's contention that the county court, by entering into a contract of employment for a term of three years, has exercised its pleasure in the premises, is to bestow upon such governmental bodies power to extend through contracts the period of their control long beyond the terms for which they were elected, and thus to deprive their regularly elected successors of the important right to exercise some of the functions normally incident to the office. Such was not the legislative intent as we construe the statute."

The judgment is reversed and judgment for possession of the county infirmary and its buildings entered here.

*Reversed; judgment here.*