HASSELL MILLER *v.* COUNTY COURT OF BARBOUR COUNTY

(No. 8164)

Submitted May 8, 1935. Decided June 8, 1935.

*H. J. Poling* and *J. Blackburn Ware*, for plaintiff in error.
*Steptoe & Johnson, Wm. T. George* and *James M. Mason, 3d,* for defendant in error.

LITZ, PRESIDENT:

Defendant, County Court of Barbour County, complains of a judgment recovered against it by plaintiff, Hassel Miller, in the sum of $4,500.00 for alleged breach of contract.

The parties entered into a written contract September 15, 1929, whereby defendant employed plaintiff to excavate, grade and drain 21,555 feet of road in Barbour County, designated as project 3453, for $59,209.60, based upon unit prices of estimated construction. Miller having completed 3.24 miles of the project, the county court entered an order September 10, 1930, in effect, terminating the contract on the ground that the funds applicable thereto had been exhausted.

The action is for (1) damages sustained by plaintiff from

delay, caused by defendant, in partially performing the work; and (2) anticipated profits at its completion. The defenses are: (a) failure of plaintiff to present his claim to defendant as required by section 8, article 5, chapter 7, Code 1931; (b) want of available funds to complete the contract; and (c) right of defendant under the contract to discontinue the construction.

1. Before instituting the action, plaintiff, by counsel, presented to the county court his claim, in writing, consisting of a balance of $5,444.90 for work performed under the contract and damages for the breach thereof estimated at $20,000.00 on the basis of anticipated profits. Defendant, refusing to recognize any part of the claim for damages, later paid the balance for work performed; at which time the parties entered into a written agreement stipulating that the payment shall not affect the rights of either concerning the claim for damages. The statute provides that no suit shall be brought against a county court for any demand for a specified sum of money founded on a contract, except an order on the county treasury, until *such demand has been presented to the county court* and been disallowed by it in whole or in part. "No formality in the manner in which the claim shall be presented to the court is required." *Chapman* v. *County Court,* 27 W. Va. 496, 501. In view of the facts, we are of opinion that there has been a substantial compliance with the statute.

2. The county court had at its disposal, when it entered into the contract, $40,000.00 derived from a road bond issue, voted for the specific improvement, and some $30,000.00 from the "county road fund," which it was authorized to expend under section 103, chapter 43, Code 1923, for the construction, improvement and maintenance of county-district roads. Defendant's claim that it never intended to apply any of the "county road fund" to the particular project does not change the legal effect of its contract.

3. Defendant contends that under a provision of the contract and the "Standard Specifications," adopted by the state road commission, (referred to in the contract as part thereof),

providing for additions, deductions or changes in the plans and specifications, it was permitted to reduce the length of the project without liability to the contractor for anticipated profits. The "Standard Specifications" reserves to the county court the right "to make such alterations in the plans or in the quantities of work to be performed under the various items of the contract as may be considered necessary or desirable from time to time *to complete satisfactorily the construction of the roadway as contemplated in the contract.*" They also authorize defendant to "omit any item shown in the contract." We are of opinion that these and similar provisions in the contract, relied upon by defendant, contemplate "alterations in the plans or in the quantities of work to be performed under the various items of the contract as may be considered necessary or desirable from time to time to complete satisfactorily the construction of the roadway as contemplated in the contract," and not a reduction in the length of the "roadway" except as may be necessary for grades and alignments. A different interpretation would permit the county court at any time to terminate the contract, without liability to the contractor.

Defendant complains of an instruction on behalf of plaintiff substantially informing the jury that if they found that he was entitled to recover, they might allow damages for anticipated profits and also for the rental value of his equipment and cost of maintaining the same during the delay preceding the final breach of the contract. Chief of the numerous objections to the charge is that it permits a double recovery. In the language of counsel for defendant, "it told the jury to find double damages, namely, full profits for plaintiff had he completed the four miles of grading, and in addition thereto rental value of his machinery, his expense for men, his overhead expenses and $250.00 per month for himself during the time he was idle, without deducting therefrom the time it would have taken to perform the remainder of the grading and the expense that he would have incurred in that connection * * *." This criticism not only adds to the instruction in stating that it authorized the jury to include in the damages $250.00 per month for plaintiff during the time that he

was idle, but it is also untenable in advancing the theory of double damages. The item of damages claimed for delay caused by defendant before its formal breach of the contract and his damages for anticipated profits, had he been permitted to complete the contract after the delay, are distinct and separate. A contractor is entitled to damages for delay, caused by the owner, in beginning or completing the work. 9 C. J. 914; Sutherland on Damages (4th Ed.), Vol. 3, page 2692.

As the foregoing conclusions dispose of the numerous assignments of error, it is unnecessary to consider them further in detail.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*