IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**September 26, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER BLAKE,**
**Grievant Below, Petitioner**

**vs.) No. 22-ICA-268**      (W. Va. Pub. Employees Grievance Bd. No. 2023-0105-DOE)

**WEST VIRGINIA DEPARTMENT OF EDUCATION,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Christopher Blake appeals the October 27, 2022, "Dismissal Order" of the West Virginia Public Employees Grievance Board ("Grievance Board"). Respondent West Virginia Department of Education ("WVDE") filed its response.[1] Mr. Blake filed a reply.[2] The issue on appeal is whether the Grievance Board erred in dismissing Mr. Blake's grievance because he did not allege a substantial public policy that was violated by his termination.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blake was previously employed by the WVDE's Schools of Diversion and Transition ("WVSDT") as principal at Mount Olive Correctional Center. Mr. Blake was classified as an at-will employee. On July 25, 2022, State Superintendent of Schools Clayton Burch notified Mr. Blake by letter that his employment was terminated, effective that same date, July 25, 2022. The letter documented nearly six years of Mr. Blake's unsatisfactory performance in the principal position. Further, the letter indicated that Mr. Blake had previously been demoted from principal to assistant principal and had been placed on a Focused Plan of Support in both 2016 and 2018 due to performance issues, but

---

[1] Mr. Blake is represented by Anthony Brunicardi, Esq., Walt Auvil, Esq., and Kirk Auvil, Esq. WVDE is represented by Anthony D. Eates II, Esq.

[2] We note that Mr. Blake filed a Motion to File Reply Brief Out of Time in this case. This Court granted the Motion on May 8, 2023.

that he was reinstated to the principal position in the fall of 2019.[3] The letter also stated that Mr. Blake had difficulty making decisions and leading the staff, gave the staff inaccurate information regarding policies and procedures, failed to make important decisions in a timely manner, and fostered a poor school culture while in the position.

On August 8, 2022, Mr. Blake filed a level three grievance with the Grievance Board. In his grievance, Mr. Blake stated that his termination was disproportionate to any alleged wrongdoing, and therefore in violation of WVDE policies and procedures, including but not limited to WVSDT Employee Handbook and WVDE Policy 5300.[4] Mr. Blake sought reinstatement to his position, backpay and lost benefits, removal of the termination from his personnel file, and any other relief that the Grievance Board administrative law judge ("ALJ") deemed appropriate. A level three hearing was scheduled for October 26, 2022.

On August 26, 2022, the WVDE filed a Motion to Dismiss the grievance. The WVDE asserted that at-will employees must articulate a substantial public policy that is violated by their termination in order to survive dismissal of their grievance. Further, the WVDE argued that a grievant cannot simply cite to unspecified policies and procedures and assert that they might have been violated somehow. Mr. Blake filed a reply to the Motion to Dismiss, alleging that although he was an at-will employee, he was entitled to the same protections from termination that apply to civil service employees.

On October 18, 2022, the Grievance Board granted the WVDE's Motion to Dismiss and canceled the level three hearing. The Grievance Board issued a "Dismissal Order" on October 27, 2022, in which it concluded that Mr. Blake failed to state a claim upon which relief could be granted, and dismissed his grievance. The Grievance Board noted that a

---

[3] In the letter, Superintendent Clayton Burch stated that Mr. Blake was initially demoted from the principal position to assistant principal in the fall of 2016 and placed on a Focused Plan of Support due to the fact that his "work was left up to others with little oversight or leadership." In 2018, Mr. Blake was placed on another Focused Plan of Support due to anger management issues.

[4] The relevant portion of WVDE Policy 5300 states:

Employees are entitled to know how well they are performing at their jobs and shall be offered the opportunity to participate in an open and honest evaluation of their performance on a regular basis. . . . Employees are entitled to the opportunity to improve their job performance, prior to termination or transfer of services and can do so only with the assistance of regular evaluation. . . .

W. Va. Code R. § 126-141-3.6 (2022).

grievance may be dismissed at the discretion of the ALJ if no claim for relief is stated pursuant to West Virginia Code of State Regulations § 156-1-6.11 (2019). Further, the Grievance Board found that Mr. Blake did not allege that the WVDE was motivated to terminate his employment to contravene some substantial public policy. It is from this decision that Mr. Blake now appeals.

Our standard of review for a contested case from the Grievance Board is as follows:

A party may appeal the decision of the administrative law judge on the grounds that the decision:
(1)    Is contrary to law or a lawfully adopted rule or written policy of the employer;
(2)    Exceeds the administrative law judge's statutory authority;
(3)    Is the result of fraud or deceit;
(4)    Is clearly wrong in the view of the reliable, probative, and substantial evidence on the whole record; or
(5)    Is arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5(b) (2007); *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of an administrative appeal). The Supreme Court of Appeals of West Virginia ("Supreme Court") has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

On appeal, Mr. Blake advances three arguments. First, he argues that the decision of the Grievance Board is contrary to the laws and policies of the West Virginia Public Employees Grievance Procedure.[5] Next, Mr. Blake argues that the ALJ erred in finding that he had to meet a heightened standard as an at-will employee. Finally, he avers that the decision of the ALJ is contrary to the law regarding public policy claims under *Harless v. First National Bank*, 162 W. Va. 116, 246 S.E.2d 270 (1978), and that he did allege a substantial public policy that was violated by his termination.

Turning to Mr. Blake's arguments regarding the grievance procedure, West Virginia Code of State Regulations § 156-1-6.19 provides, "[g]rievances may be disposed of in three ways: by decision on the merits, nonappealable dismissal order, or appealable dismissal order. Further, West Virginia Code of State Regulations § 156-1-6.11 provides that "[a] grievance may be dismissed, in the discretion of the administrative law judge, if no claim on which relief can be granted is stated or a remedy wholly unavailable to the grievant is

---

[5] While Mr. Blake continuously references the grievance procedure, he does not cite to any specific rules or policies that were violated by the Grievance Board's decision.

requested." Thus, as Mr. Blake's grievance was dismissed at the discretion of the administrative law judge, which was authorized under law, we find no merit in his argument that dismissal of his grievance is contrary to the West Virginia Public Employees Grievance Procedure.

Next, we turn to Mr. Blake's second and third arguments, which will be addressed together as they both relate to the public policy exception for at-will employees. Regarding the termination of at-will employees, the Supreme Court has held that "[a]s a general rule, West Virginia law provides that the doctrine of employment at will allows an employer to discharge an employee for good reason, bad reason, or no reason without incurring liability unless the firing is otherwise illegal under state or federal law." *Roach v. Reg'l Jail Auth.*, 198 W. Va. 694, 482 S.E.2d 679 (1996) (citing *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 63, 459 S.E.2d 329, 340 (1995)). In West Virginia, "[t]he rule that an employer has an absolute right to discharge an at-will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable for damages occasioned by this discharge." Syl. *Harless*, 162 W. Va. at 116, 246 S.E.2d at 271.

Additionally, the Supreme Court has determined that "[t]o identify the sources of public policy for purposes of determining whether a retaliatory discharge has occurred, we look to established precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions." Syl. Pt. 2, *Birthisel v. Tri-Cities Health Servs. Corp.,* 188 W. Va. 371, 424 S.E.2d 606 (1992). In cases where an at-will employee fails to cite a specific public policy that is violated by their termination, the Supreme Court has refused to "impose a duty of good faith and fair dealing on the State with its at-will employees." *Wilhelm v. W. Va. Lottery*, 198 W. Va. 92, 479 S.E.2d 602 (1996).

Upon review of the record, we are unpersuaded by Mr. Blake's arguments. Mr. Blake did not articulate a substantial public policy that was violated by his termination at any point throughout the grievance process. Mr. Blake's position as principal at Mount Olive was at-will, meaning that he could be terminated for good reason, bad reason, or no reason at all, so long as the firing was not illegal under state or federal law, which we find that Mr. Blake has not established. Further, Mr. Blake's assertion that his termination was somehow "disproportionate" to his conduct while in the position does not rise to the level of a substantial public policy. Instead, the termination of Mr. Blake's employment was directly related to his consistent unsatisfactory job performance. Thus, we conclude that the Grievance Board was not clearly wrong in dismissing Mr. Blake's grievance, or in finding that he failed to assert a public policy which was violated by his termination as an at-will employee as required by law.

Accordingly, we affirm the Grievance Board's October 27, 2022, "Dismissal Order."

Affirmed.

**ISSUED:**  September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen